IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN WILLIAM HOGAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-3977 |
| OFFICE OF THE STATES ATTORNEY, CARROLL COUNTY, MARYLAND, WESTMINSTER POLICE, and CITY OF WESTMINSTER, | * * * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiff Steven William Hogan is confined to the Carroll County Detention Center where he awaits trial on charges of possession of a firearm with a felony conviction, resisting arrest, and other related charges.[1] He filed the above-entitled Complaint (ECF No. 1) in this Court on December 13, 2016, together with a Motion to Proceed in Forma Pauperis (ECF No. 2), which shall be granted.

Hogan, who is self-represented, seeks to remove the pending criminal case against him to this Court for investigation and award of $4 million in damages. (ECF No. 1). He appears to base this request on his belief that the criminal case against him is unfounded and that arresting officers used excessive force against him when he was apprehended. The claims asserted implicate the validity of pending criminal charges against Hogan. In other words, if the claims were permitted to go to trial before the criminal case is resolved, the criminal case may be

---

[1] See State of Maryland v. Hogan, Case No. 06K16047478 (Cir. Ct. for Carroll Co., Aug. 4, 2016); http://casesearch.courts.state.md.us/inquiry.

impacted by the rulings issued in the civil proceedings.  This is the type of claim that this Court must abstain from entertaining while the criminal case remains pending.

The <u>Younger</u>[2] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit."  <u>Laurel Sand & Gravel, Inc. v. Wilson</u>, 519 F.3d 156, 165 (4th Cir. 2008).  "<u>Younger</u> is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action."  <u>Williams v. Lubin</u>, 516 F.Supp.2d 535, 539 (D.Md. 2007) (quoting <u>Nivens v. Gilchrist</u>, 444 F.3d 237, 247 (4th Cir. 2006)).  The State of Maryland has a vital state interest in prosecuting alleged criminal activity and Hogan is free to raise his allegation concerning the validity of his arrest in the context of his criminal case.

For the foregoing reasons, the Court will dismiss Hogan's Complaint (ECF No. 1) and direct the Clerk to close this case.  A separate Order follows.

Entered this 28th day of December, 2016

                                /s/
                              _____
                              George L. Russell, III
                              United States District Judge

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37 (1971).